UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| R AND B ENTERPRISES OF HOHENWALD, LLC, | ] ] ] |
| Plaintiff, | ] ] |
| v. | ] No. 1:10-00022 ] JUDGE HAYNES ] |
| THE MENNINGER CORPORATION d/b/a THE RICHARD SALES CO., | ] ] ] |
| Defendant. | ] |

## MEMORANDUM

Plaintiff, R&B Enterprises of Hohenwald, LLC ("R&B"), a Tennessee limited liability company, filed this action on February 26, 2010, in Lewis County, Tennessee Chancery Court, against the Defendant, The Menninger Corporation, d/b/a The Richard Sales Company ("Menninger"), a corporation operating in Kentucky, alleging that Menninger "breached its said warranty, has shipped unsolicited merchandise to plaintiff, and has interfered with business relationships with some of plaintiff's clients." The Defendant removed the action to this Court under 28 U.S.C. § 1332, the federal diversity statute.

The Defendant filed a counterclaim and third party complaint alleging that R & B has been administratively dissolved by the Tennessee Secretary of State and is a nominal party, and that the real parties in interest are the individual third party defendants, Kevin Lane Baker, Sr., Jay Stephen Loftin, and Paul Allan Rawdon, who together operate a business known as Treasures, a/k/a Treasures

Warehouse or Treasures Wholesale, in Hohenwald, Tennessee. The Defendant asserts claims for sale of goods, account, detrimental reliance and unjust enrichment.

Before the Court is the Defendant's motion to transfer venue to the United States District Court for the Eastern District of Kentucky, or in the alternative, to stay this action under the "first-to-file" rule. (Docket Entry No. 24). The Defendant filed an action against the third party defendants on January 20, 2010, in Kentucky state court, <u>The Menninger Corporation v. Kevin Lane Baker, Sr., et al.</u>, (E.D. Ky., 2:10-cv-00039, Docket Entry No. 1-1), alleging the same claims as in its counter complaint in this action. On February 26, 2010, the third party defendants removed the Kentucky state court action to the United States District Court for the Eastern District of Kentucky based on federal diversity. <u>Id</u>.

In its response (Docket Entry No. 25), R&B contends that transferring this action to the Eastern District of Kentucky would violate principles of fairness and convenience under 28 U.S.C. § 1404(a), as the Tennessee district court is the proper venue for the convenience of the parties and witnesses. R&B asserts that the events in question occurred in the Middle District of Tennessee and the interests of justice weigh in favor of keeping this matter in Tennessee. R&B also contends that under the first-to-file rule, the parties and issues in the Tennessee litigation and the Kentucky litigation do not substantially overlap. In addition, R&B asserts that if the Court were to apply the first-to-file rule, the Defendant's motion to stay should be denied based on the convenience of the parties.

For the reasons set forth below, the Court concludes that this action should be transferred under the "first-to-file rule." "The first-to-file rule is a well-established doctrine that encourages comity among federal courts of equal rank. The rule provides that when actions involving nearly

identical parties and issues have been filed in two different district courts, 'the court in which the first suit was filed should generally proceed to judgment.'" Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assocs., Inc., 16 Fed. Appx. 433, 437 (6th Cir. 2001) (quoting In re Burley, 738 F.2d 981, 988 (9th Cir.1984)). The first-to-file rule is a discretionary rule. Id. "In short, the first-to-file rule is designed to avoid the waste of duplication of effort by two co-equal district courts, to avoid rulings by one district court that may interfere with or trench upon the authority of another district court, and to avoid inconsistent or piecemeal resolution of legal issues that call for a uniform result." Plantronics, Inc. v. Clarity, LLC, No. 1:02-CV-126, 2002 WL 32059746, at *2 (E.D. Tenn. July 17, 2002).

> In determining whether actions are duplicative and the first-to-file rule applies, courts consider (1) the chronology of the actions; (2) the similarity of the parties involved; and (3) the similarity of the issues at stake. The parties and issues need not be identical. Rather, the crucial inquiry is whether the parties and issues substantially overlap.

Western Exp., Inc. v. Rock Creek Lumber, Inc., No. 3:09-0162, 2009 WL 1683404, at *1 (M.D. Tenn. June 16, 2009) (citing Fuller v. Abercrombie & Fitch Stores, Inc., 370 F.Supp.2d 686, 688 (E.D. Tenn. 2005)).

The Court concludes that the parties and claims in this action substantially overlap the parties and claims of the Kentucky action. The Kentucky action was filed first. The claims from both actions arise from the same transaction. Although R&B also asserts a claim of interference with business relationships, that claim stems from the same dispute between the parties involving the purchase and shipment of fishing gear. Because Plaintiff's claims arise from the same transaction and ocurrence, Plaintiff may raise its claims as counterclaims in the Kentucky action under Fed. R. Civ. P. 13. Id.

To be sure, R&B contends that it is not a party in the Kentucky action, as that action is only against the third party defendants who do not have the same legal identity as R&B. Yet, in the Kentucky action the third party defendants contend that the goods were purchased by R&B, not the third party defendants. The Menninger Corporation v. Kevin Lane Baker, Sr., et al., (E.D. Ky., 2:10-cv-00039, Docket Entry No. 12, Defendants' response and cross motion for summary judgment at 1). In this action, the Defendant submitted evidence of invoices sent to the third party defendants, using their trade name, "Treasures." (Docket Entry No. 29, Richard Menninger Affidavit, Exhibits A and B). Further, the Defendant submitted evidence that R&B was administratively dissolved from at least November 4, 2009, until it was reinstated on April 16, 2010, after the filing of both actions. (Docket Entry No. 28, Michael Schmidt Affidavit). Thus, at issue before both Courts is whether R&B or the third party defendants transacted with Menninger. Therefore, transfer of this action to the Eastern District of Kentucky would be consistent with the principle of comity, promote judicial efficiency, avoid duplication of litigation, and avoid piecemeal litigation and the danger of inconsistent judgments.

"Under the first-to-file rule, the suit which is first filed should have priority, absent a showing of a balance of convenience or special circumstances giving priority to the second suit. Circumstances where an exception to the rule will arise include cases of bad faith, anticipatory suits, and forum shopping." Western Exp., 2009 WL 1683404, at *1 (citations omitted). There is not any evidence that Menninger filed its claim in Kentucky as a result of bad faith, anticipatory suit, or forum shopping. Moreover, there are motions for summary judgment pending before the Kentucky district court and there will be no added inconvenience to R&B and/or third party defendants as they are already litigating these controversies in Kentucky.

4

For these reasons, the Court, in its discretion, concludes that to avoid duplication and in the interest of justice this action should be transferred to the District Court for the Eastern District of Kentucky.

Accordingly, for the reasons stated above, Defendant's motion to transfer (Docket Entry No. 24) should be granted.

An appropriate Order is filed herewith.

**ENTERED** this the 20th day of October, 2010.

WILLIAM J. HAYNES, JR.
United States District Judge